UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS M. SCHUCH, SR. : | |
| 3237 Pasqualone Boulevard : | CIVIL NO. 02-CV-4584 |
| Bensalem, Pennsylvania 19020 : | |
| : | |
| Plaintiff, : | |
| : | |
| versus : | |
| : | |
| ALLSTATE INSURANCE COMPANY : | |
| 1301 Virginia Drive : | |
| Fort Washington, Pennsylvania 19034 : | |
| : | |
| Defendant. : | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW THE DEFENDANT, ALLSTATE INSURANCE COMPANY (herein after referred to as "Allstate"), appearing herein in its "fiduciary" [1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the U.S. Treasury[3] represents as follows:

**I.**

Plaintiff has not referenced the previously filed Complaint in his response to Defendant's Rule 12(e) Motion to Clarify. However, out of an abundance of caution, all claims stated therein are denied for lack of sufficient information or knowledge to justify a belief therein.

---

[1] 44 C.F.R. Pt. 62.23(f).
[2] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).
[3] 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mutual*, 163 F.3d 161, 166-167 (3rd Cir. 1998)(on panel rehearing).

**II.**

The allegations contained in Paragraph I of Plaintiff's Amended Complaint are denied. Answering further, this matter will require interpretation of the U.S. Government's National Flood Insurance Act of 1968 ("NFIA")(codified at 42 U.S.C. § 4001, *et. seq.*) and the Government's SFIP, which is itself a federal codified law found at 44 C.F.R. Part 61, Appendix A(1), therefore a federal question is present. Answering further, pursuant to 42 U.S.C. § 4072, this Court has "original exclusive" subject matter jurisdiction over this dispute. See *Van Holt v. Liberty Mutual Ins. Co.*, 163 F.3d 161 (3rd Cir.1998) (on panel rehearing). Venue is proper in this Court pursuant to 42 U.S.C. § 4072 because the property at issue is located in County of Bucks, Pennsylvania which is embraced by this Honorable Court. Additionally, the Standard Flood Insurance Policy ("SFIP") contains a choice of law provision which mimics the requirements of 42 U.S.C. § 4072. Finally, this Honorable Court has supplemental jurisdiction over any claims based in state law pursuant to 28 U.S.C. § 1367(a).

**AFFIRMATIVE DEFENSES**

**First Defense**

The Plaintiff fails to state a claim upon which this Honorable Court may grant relief. Thus, Plaintiff has no cause of action and no right of action as to Defendant Allstate.

**Second Defense**

The insuring agreement of the Plaintiff's SFIP insures "against all direct physical loss by or from flood to the insured property" and then only to the extent permitted by the SFIP; FEMA's rules, regulations and interpretations; and the terms of the National Flood Insurance Act of 1968, as amended. Therefore, any damages not caused *directly* by or from flood are not afforded coverage under the SFIP.

### Third Defense

SFIP Article 9J5.  Plaintiff failed to sufficiently document the loss with all bills, receipts, and related documents for the amount being claimed.

### Fourth Defense

SFIP Article 9J4.  Plaintiff failed in his duty to cooperate with Allstate's adjuster and/or representatives in the investigation of the claim.

### Fifth Defense

SFIP Article 9J3.  Plaintiff failed to submit a timely, signed, and sworn Proof of Loss.  This duty belongs exclusively to the Insured.  Article 9J6 informed the Plaintiff that, while the adjuster may provide a Proof of Loss form, it is a matter of courtesy only.

### Sixth Defense

SFIP Article 3.  Defendant pleads Article 3 "Losses Not Covered" in its entirety.

### Seventh Defense

Article 5B.  The SFIP is not a valued policy.  Thus, provided that a sufficient amount of coverage has been purchased, the policy will pay for losses in an amount equal to the lesser of the value of the covered loss or the limit of coverage under

### Eighth Defense

Article 6A2.  The SFIP does not cover any personal property used in connection with any incidental commercial occupancy or use of the building.  Similarly, according to Article 4, Coverage B, "Personal Property", the SFIP covers only personal property owned by insured as contents incidental to the occupancy of the building.

### Ninth Defense

SFIP Article 6B2.  The SFIP does not cover personal property in the open, i.e., not stored within a building as defined by the terms of the policy.

### Tenth Defense

SFIP Article 6E5. The SFIP does not cover water craft including their furnishings and equipment.

### Eleventh Defense

SFIP Article 6F in its entirety.

### Twelfth Defense

Article 8 of the SFIP in its entirety. In particular, the Replacement Cost provisions of the SFIP shall apply only to a singly family dwelling which is the insured's principle residence at the time of the loss.

### Thirteenth Defense

SFIP Article 9A, "Pair and Set Clause."

### Fourteenth Defense

SFIP Article 9B. Plaintiff's SFIP shall be void if it is found that he has sworn falsely, or willfully concealed or misrepresented any material fact.

### Fifteenth Defense

SFIP Article 9C. If this loss is covered by another policy of insurance, whether collectable or not, Defendant will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

### Sixteenth Defense

Article 9D. Defendant cannot amend the policy, nor waive any of its provisions without the express written consent of the Federal Insurance Administrator.

### Seventeenth Defense

SFIP Articles 9Fd1 and 9Fd2. If Plaintiff has sworn falsely or fraudulently concealed or misrepresented any material fact including those facts relevant to the rating of the SFIP in the application for coverage, renewal of coverage, or in the submission of any claim, the entire policy shall be void as of the date of the wrongful act.

**Eighteenth Defense**

SFIP Article 9N.  The Appraisal Clause of the SFIP may be invoked if coverage issues have been resolved, but the parties are unable to agree regarding the actual cash value or, if applicable, replacement cost value of the damaged property.

**Nineteenth Defense**

The Standard Flood Insurance Policy in question in this lawsuit was written by the United States Government (not by Allstate), pursuant to 42 U.S.C. §4013.  As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the NFIP.  Furthermore, 44 C.F.R., Pt. 61, App. A(1), Art. 11 - What Law Governs, clearly states that the Flood Policy "is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*) and Federal common law."

**Twentieth Defense**

The provisions of the Flood Policy, as an insurance policy issued pursuant to a federal program, must be strictly construed.  *Gowland*, 143 F.3d at 953; *Mancini v. Redlands Ins. Co.,* 248 F.3d 729 (8th Cir. 2001); *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 (1947); *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990).  Further, claims payments pursuant to the Flood Program are paid out of the U.S. Treasury. See 44 C.F.R. §62.23(i)(1) and (6), and 44 C.F.R, Pt. 62, App. A, Art. 2(F) and Art. 3(C) and (D).  Accordingly, the rule of strict construction and interpretation of the policy provisions, as well as strict compliance with said provisions, are required of the parties.  *Mancini, supra; Flick v. Liberty Mut. Ins. Co.*, 205 F.3d 386 (9th Cir. 2000), *cert. denied* 531 U.S. 927 (2000).

**Twenty-First Defense**

No part, provision, or requirement of the Standard Flood Insurance Policy may be waived, altered, or amended by Allstate. No action Allstate takes can constitute a waiver of any of its rights. As a matter of federal law, the only person who may make any type of waiver or amendment to the flood policy is the Federal Insurance Administrator, and this must be done in writing. See 44 C.F.R., Pt. 61, App. A(1), Art. 9(D) and 44 C.F.R. §61.13(d). To date, no evidence of any such waiver has been presented to Allstate.

**Twenty-Second Defense**

All persons are charged with knowledge of the published federal laws and what is required of them by such laws. Because the Plaintiff's Flood Policy is codified federal law, i.e., 44 C.F.R, Pt. 61, App. A(1), they are charged with the knowledge of the provisions and requirements of the Policy. *Merrill*, 332 U.S. at 384-85. Accordingly, failure to comply with the provisions of the Policy is solely the responsibility of the Plaintiff. Therefore, Defendant Allstate is in no way liable for the actions or inactions by the Plaintiff in the instant flood claim.

**Twenty-Third Defense**

Pursuant to 44 C.F.R. §61.5(e), coverage under the SFIP is authorized only under the terms and conditions established by federal statute, the Program's regulations, the Federal Insurance Administrator's interpretations, and the express terms of the SFIP itself. Accordingly, representations regarding the extent and scope of coverage which are not consistent with the National Flood Insurance Act of 1968, as amended, or the Program's regulations, are void.

**Twenty-Fourth Defense**

Any state law based extra-contractual claims are preempted and barred by federal constitutional, statutory and regulatory law.  See *Neill v. State Farm*, 159 F.Supp. 2d 770, 773 (E.D. Pa. 2000); *Messa v. Omaha Property & Casualty Ins. Co.*, 122 F.Supp.2d 513, 516 (D. N.J. 2000).  The States do not have the right or authority to regulate the U.S. Government's flood insurance program operated and funded with U.S. Treasury funds.  See the McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, specifically U.S.C. § 1012(b).

**Twenty-Fifth Defense**

The Appropriations Clause of the U.S. Constitution and the Separation of Powers Doctrine prohibit the awarding of any amounts to the Plaintiff.

**Twenty-Sixth Defense**

Defendant is entitled to an offset for any fault attributable to the actions or omissions of the Plaintiff or his agents.

**Twenty-Seventh Defense**

No supplemental claims are allowed under the SFIP.

**Twenty-Eighth Defense**

All necessary conditions precedent to the payment of U.S. Treasury funds under the SFIP have not been met pursuant to Article 9R of the SFIP.

WHEREFORE, the Defendant, Allstate Insurance Company, prays that this Answer and Affirmative Defenses be deemed good, and that after due proceedings are had, that there be judgment in favor of Defendant, and against the Plaintiff, and that the Plaintiff's claims be dismissed at his cost.

Respectfully Submitted,

_____
DANIEL KREBBS
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Local Counsel for Defendant,
Allstate Insurance Company
1845 Walnut St., 21st Fl.
Philadelphia, Pennsylvania 19103
P: 215-575 2600
F: 215-575-0856

NIELSEN LAW FIRM, L.L.C.
Gerald J. Nielsen    La.S.B. # 17078
John D. Carter    La.S.B. # 24334
Attorney-in-Charge
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
P: 504-837-2500
F: 504-832-9165

Date: _____
\01_21\LIAB\DDK\LLPG\355111\KSZ\15306\00112

## **CERTIFICATE**

      I hereby certify that a copy of the above and foregoing pleading has been served on Plaintiff, pro se, Nicholas M. Schuch, Sr., 3237 Pasqualone Blvd., Bensalem, PA 19020.

_____
DANIEL D. KREBBS, ESQUIRE

Date: _____
\01_21\LIAB\DDK\LLPG\355111\KSZ\15306\00112